UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Fort Myers Division)

Case No.

THE WIGGLEBUTT INN, INC.

    plaintiff,

v.

PLAN B ENTERPRISES, LLC d/b/a
WIGGLEBUTT DOGHOUSE,

    defendant.

_____/

## COMPLAINT

The Wigglebutt Inn, Inc., a dog boarding and dog daycare services facility, brings this action against Plan B Enterprises, LLC, d/b/a Wigglebutt Doghouse, for trademark infringement and dilution under the United States Trademark Act, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act), the Florida Trademark Act, Florida Statutes, §§ 495.001, *et seq.*, and federal and Florida common law.

The Wigglebutt Inn recently learned that Wigglebutt Doghouse was operating a business providing essentially identical services of dog boarding and dog daycare and using the confusingly similar business name Wigglebutt Doghouse. Despite The Wigglebutt Inn's efforts to protect its valuable trademark, including its cease and desist letter to the defendant, Wigglebutt Doghouse continues to misuse the mark to defraud the public. The Wigglebutt Inn has no choice but to seek relief from this Court to put an end to the irreparable harm that Wigglebutt Doghouse is causing.

## Parties and Persons

1. The Wigglebutt Inn, Inc., is organized and existing under Florida law with its principal place of business at 5400 Jaeger Road, Naples, Florida 34109. The Wigglebutt Inn is the sole owner of U.S. Trademark Reg. No. 3,795,703.

2. On information and belief, Plan B Enterprises, LLC, d/b/a Wigglebutt Doghouse ("Wigglebutt Doghouse"), is organized and existing under Indiana law with its principal place of business at 8455 Moller Road Suite 500, Indianapolis, Indiana 46268.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction and diversity jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367(a). This Court has personal jurisdiction over Wigglebutt Doghouse given that its website containing infringements—www.wigglebuttdoghouse.com—is accessible in Florida, the intentional torts are directed at Florida, and the harm is felt specifically in Florida.

4. Venue is this District is founded on 28 U.S.C. § 1391(b)(2). The Wigglebutt Inn's place of business is also within this judicial district.

## FACTUAL BACKGROUND

### The Wigglebutt Inn Trademark

5. The Wigglebutt Inn is a boarding and daycare facility for dogs in Naples, Florida. The Wigglebutt Inn owns all right, title, and interest in The Wigglebutt Inn® mark which was registered with the United States Patent and Trademark Office on June 1, 2010 and bears registration number 3,795,703. *See* C. Grieve Decl. Ex. A.[1] The Wigglebutt Inn also registered

---

[1] Exhibit references to "C. Grieve Decl. Ex. ___" refer to the Declaration of Catherine C. Grieve dated December 2, 2011, filed contemporaneously with and in support of this Complaint.

The Wigglebutt Inn trademark in the State of Florida (document number T11000001130). *See* C. Grieve Decl. Ex. B.

6. The Wigglebutt Inn® mark was first used in commerce in September 2009 and has been in continuous use in commerce since September 2009.

7. The Wigglebutt Inn has been involved in extensive advertising and promotion of The Wigglebutt Inn® mark since September 2009. That advertising and promotion has established recognition and goodwill towards The Wigglebutt Inn® mark among members of the purchasing public.

8. As a result of The Wigglebutt Inn's widespread and continuous use and promotion, The Wigglebutt Inn® mark has become distinctive and widely known.

9. The Wigglebutt Inn® mark serves to distinguish The Wigglebutt Inn's quality dog daycare and dog boarding services from those of others. Thus, The Wigglebutt Inn® mark represents and embodies the enviable reputation and valuable goodwill of The Wigglebutt Inn among members of the purchasing public.

10. There is substantial public demand for the goods and services offered by The Wigglebutt Inn in connection with its valuable The Wigglebutt Inn® mark. As a result, the goodwill generated by The Wigglebutt Inn® mark, and the right to manufacture, sell, and distribute services and products bearing that mark, are valuable commercial property rights.

**The Defendant's Infringing Conduct**

11. On information and belief, in or about September 2010, Wigglebutt Doghouse began to use the phrase "Wigglebutt Doghouse." Wigglebutt Doghouse uses the phrase "Wigglebutt Doghouse" as the business name for its dog boarding and dog daycare facility and as its domain name— www.wigglebuttdoghouse.com.



12.     In or about June 2011, incidents of actual confusion began to occur between The Wigglebutt Inn's lawful use of its valuable The Wigglebutt Inn® mark and Wigglebutt Doghouse's unlawful use of a confusingly similar phrase in connection with similar services.

13.     On or about June 24, 2011, The Wigglebutt Inn advised Wigglebutt Doghouse of the registered The Wigglebutt Inn® mark and instructed the Wigglebutt Doghouse to cease and desist from infringing upon The Wigglebutt Inn's mark. *See* C. Grieve Decl. Ex. C.

14.     Despite The Wigglebutt Inn's demands that Wigglebutt Doghouse cease and desist in the use of any marks confusingly similar to The Wigglebutt Inn's registered The Wigglebutt Inn® mark, Wigglebutt Doghouse continues to do so.

15.     Upon information and belief, the activities of Wigglebutt Doghouse that are complained of here constitute willful and intentional infringement of The Wigglebutt Inn's federally registered trademark, are in total disregard of The Wigglebutt Inn's rights, and, were commenced and have continued in spite of Wigglebutt Doghouse's actual knowledge that the use

of any mark confusingly similar to The Wigglebutt Inn® mark, was and is in direct contravention of The Wigglebutt Inn's rights.

16. Wigglebutt Doghouse's use of a mark confusingly similar to The Wigglebutt Inn® mark has been without The Wigglebutt Inn's consent, will cause and has caused confusion to the purchasing public.

17. As a result of Wigglebutt Doghouse's actions, The Wigglebutt Inn has no adequate remedy at law, and is suffering irreparable harm to its business, reputation, and goodwill as a result of the acts of Wigglebutt Doghouse.

18. Unless enjoined, Wigglebutt Doghouse's conduct is likely to continue to dilute the distinctive quality of The Wigglebutt Inn® mark and injure The Wigglebutt Inn's its business, reputation, and goodwill.

19. The Wigglebutt Inn has engaged Rivero Mestre LLP ("RM") as its counsel to prosecute this action, and it is obligated to pay RM's reasonable legal fees and costs in doing so.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## VIOLATION OF THE LANHAM ACT (15 U.S.C. §1114)

20. The Wigglebutt Inn realleges paragraphs 1 through 19 as though stated here.

21. Wigglebutt Doghouse's unauthorized use of the term "Wigglebutt Doghouse," colorably imitates and constitutes trademark infringement of The Wigglebutt Inn® mark.

22. Wigglebutt Doghouse's conduct is also likely to cause confusion and mistake in the minds of members of the purchasing public as to the source of the services and goods offered in connection with The Wigglebutt Inn® mark, in violation of 15 U.S.C. §1114(a) and (b).

23. On information and belief, Wigglebutt Doghouse's acts of trademark infringement were committed with the intent to cause confusion and mistake and to deceive.

24. By reason of Wigglebutt Doghouse's infringing acts as alleged here, The Wigglebutt Inn has suffered, and will continue to suffer, irreparable damage to its business, reputation, and goodwill.

25. The Wigglebutt Inn will continue to be irreparably harmed by its inability to control Wigglebutt Doghouse's actions and by the resulting confusion and deception of members of the purchasing public from those actions.

## COUNT II
## VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1125)

26. The Wigglebutt Inn realleges paragraphs 1 through 19 as though stated here.

27. The use of imitations and counterfeits of The Wigglebutt Inn's trademarks by Wigglebutt Doghouse as described above, constitutes a false designation of origin and a false description or representation of services in that such use wrongly and falsely designates services developed, promoted and distributed by Wigglebutt Doghouse as originating from or connected with The Wigglebutt Inn, and constitutes false descriptions or representations in interstate commerce and also constitutes unfair competition.

28. For these reasons, Wigglebutt Doghouse has violated and is continuing to violate 15 U.S.C. § 1125, and The Wigglebutt Inn is entitled to permanent injunctive relief, attorneys' fees, and costs as provided in 15 U.S.C. §1117(a).

29. The Wigglebutt Inn has no adequate remedy law, and is suffering irreparable harm as a result of Wigglebutt Doghouse's acts.

## COUNT III

## VIOLATION OF SECTION 495.131, FLORIDA STATUTES

30. The Wigglebutt Inn realleges paragraphs 1 through 19 as though stated here.

31.     This Count arises under Section 495.131, Florida Statutes ("Infringement"). The Wigglebutt Inn seeks a permanent injunction.

32.     Wigglebutt Doghouse's unauthorized use, promotion, advertising, reproduction, and sale of services bearing imitations of The Wigglebutt Inn's trademarks, have confused, misled and deceived, and also threaten, tends and are likely to confuse, mislead, and deceive the trade and consuming public into mistakenly believing that the services promoted, sold, and distributed by Wigglebutt Doghouse are The Wigglebutt Inn-branded services that are authorized, sponsored, approved, or vouched for by The Wigglebutt Inn.

33.     Wigglebutt Doghouse's trademark infringement has caused irreparable harm and immediate injury to The Wigglebutt Inn, including injury to its reputation and dilution of the distinctive quality of The Wigglebutt Inn's trademarks.

34.     Wigglebutt Doghouse has infringed and continues to infringe The Wigglebutt Inn's trademark with knowledge of The Wigglebutt Inn's statutory and common law rights in The Wigglebutt Inn's trademark and with knowledge that the services promoted, distributed, and sold by Wigglebutt Doghouse is likely to and is intended to cause confusion, deception, and mistake among the consuming public and trade as to the true origin of such items.

35.     Wigglebutt Doghouse has engaged in the conduct described above without The Wigglebutt Inn's consent.

36.     For these reasons, Wigglebutt Doghouse has violated and continues to violate Section 495.131, Florida Statutes, and The Wigglebutt Inn is entitled to preliminary and permanent injunctive relief, attorney's fees, and costs.

37.     The Wigglebutt Inn has no adequate remedy at law.

## COUNT IV
## VIOLATION OF SECTION 495.151, FLORIDA STATUTES

38. The Wigglebutt Inn realleges paragraphs 1 through 19 as though stated here.

39. This Count arises under Section 495.151, Florida Statutes ("Injury to Business Reputation; Dilution"). The Wigglebutt Inn seeks a permanent injunction.

40. Wigglebutt Doghouse's use of The Wigglebutt Inn's trademark, to which The Wigglebutt Inn has exclusive rights, will damage The Wigglebutt Inn's business reputation and dilute the distinctive quality of its identification with its high quality products, all to The Wigglebutt Inn's irreparable harm.

41. For these reasons, Wigglebutt Doghouse has violated and continues to violate Section 495.151, Florida Statutes, and The Wigglebutt Inn is entitled to permanent injunctive relief, attorney's fees, and costs.

42. The Wigglebutt Inn has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, The Wigglebutt Inn demands that this Court enter an order:

1. Permanently enjoining and restraining Wigglebutt Doghouse, its principals, agents, servants, employees, attorneys, representatives, successors and assigns, and all persons, entities, firms, and corporations acting in privity, concert, or participation with it, from:

    (a) directly or indirectly infringing The Wigglebutt Inn® mark in any manner;

    (b) using in any way The Wigglebutt Inn® mark, or any reproduction, counterfeit, copy, or colorable imitation of The Wigglebutt Inn® mark, including, but not limited to, the use of the term "Wigglebutt," "Wiggle Butt," and "Wiggle-Butt" as to any item including, but not limited to its business name, corporate name, company name, Internet domain name or website;

(c) engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive members of the purchasing public to believe, that Wigglebutt Doghouse is in some way connected, affiliated, sponsored, approved, or licensed by The Wigglebutt Inn;

(d) otherwise competing unfairly with The Wigglebutt Inn in any manner, or interfering with The Wigglebutt Inn's rights in, or use of, the The Wigglebutt Inn® mark; and

(e) diluting and infringing The Wigglebutt Inn ® mark or damaging The Wigglebutt Inn's business, reputation, or goodwill.

2. Requiring Wigglebutt Doghouse to deliver to The Wigglebutt Inn for destruction, all products, packages, labels, catalogs, tags, brochures, cards, advertisements, signs, displays, literature stationery, promotional material, and all other items in its possession or under its control, bearing the name The Wigglebutt Doghouse;

3. Requiring Wigglebutt Doghouse to account for and to pay to The Wigglebutt Inn all of Wigglebutt Doghouse's profits, gains and advantages resulting from The Wigglebutt Doghouse's wrongful conduct;

4. Awarding The Wigglebutt Inn actual damages sustained by Wigglebutt Doghouse's trademark infringement, and in view of the flagrant and deliberate character of such infringement, assessment of treble damages and The Wigglebutt Inn's attorney's fees and costs; and

5. Awarding The Wigglebutt Inn such other and further relief as the Court may deem just and proper under the circumstances, together with the costs and disbursements which Carnival has incurred in connection with this action.

## **DEMAND FOR JURY TRIAL**

The Wigglebutt Inn demands trial by jury as to all issues so triable as a matter of right.

Dated: December 5, 2011.

Respectfully submitted,

RIVERO MESTRE LLP
Attorneys for The Wigglebutt Inn
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida 33134
Telephone: 305-445-2500
Facsimile: 305-445-2505
Email: cgrieve@riveromestre.com

By:  /s/ Catherine Grieve
     Catherine Grieve
     Fla. Bar No.129363